The next case this morning is 524-03-24, People v. Comer. Arguing for the appellant is Louis Hizzo. Arguing for the appellee is Julie Thompson. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for a vote. Please note only the clerk of the court is permitted to record these proceedings today. Good morning, counsel. It's good to see Mr. Hizzo. I think the state's the appellant in this particular case. You ready to proceed? I am, your honor. Then go right ahead. Chief Justice, your honors, and may it please the court. My name is Louis Hizzo and I represent the state appellant in this matter. As an initial point, the state maintains that the lower court's decision to dismiss the defendant's charge of driving while license suspended is subject to de novo review because the question before this court is purely legal in nature, and that question is whether the trial court improperly relied on procedural due process grounds to dismiss the charges against the defendant. It's established by People v. Stapinski, cited within our brief. The state maintains that there was no due process violation in the present case before the court, and any due process violation under the Champaign defendant's petition to rescind statutory summary suspension in that case was granted. We are respectfully asking this court, therefore, to reverse the lower court's ruling granting his motion to dismiss that charge. As the record reflects, defendant's driving privileges were subject to suspensions from incidents relating to two charges of driving while under the influence. Specifically, defendant was first charged with driving while under the influence in Champaign County case 20-DT-36 on February 3rd, 2020. Petition to rescind that summary statutory suspension was filed on March 2nd. There was a second petition filed thereafter shortly, and then the record reflects that the trial court acknowledged in our case that due to COVID shutdowns, operations stopped for a short period of time until the case was again resumed on September 8th of 2020. A defendant then had numerous failures to appear, but did appear to court again on October 20th, or excuse me, October of 2020, December of 2020, February of 2021, April 2021, and June of 2021. No hearing on defendant's motion ever occurred, and defendant paid his reinstatement fees on March 19th of 2021, resulting in the termination of the suspension. Eventually, that case was dismissed almost a year later in the fall of 2021. Defendant then picks up a subsequent driving while under the influence in Piatt County 22-DT-27 on July 2022. The defendant was then charged with driving while suspended almost a year later on August 21st of 2023. Defendant then files his third petition to rescind the Champaign County case 20-DT-36 on September 1st of 2023, which was ultimately granted, thereby reducing his Piatt County statutory suspension from one year to four and a half months, because it was then treated as a first offense. As this court's well aware, summary suspensions automatically take effect on the 46th day after the officer serves the notice of the suspension. The defendant is allowed to obtain a hearing on that suspension before the suspension takes place, and that hearing is triggered by filing that petition to rescind. The court provides for that to occur within 90 days after notice of the suspension. The defendant may take a written request for a hearing within 30 days of that request or defendant's first appearance. If the state fails to comply with this 30-day requirement, and there are no delays attributable to the defendant, the circuit court must then rescind the suspension. Here, the trial court's reliance on procedural due process was improper because any violation that occurred was remedied when the trial court entered an order rescinding their summary suspension in September of 2023 on the Champaign County case. It should be noted that the state did not object to the defendant's petition to rescind his Champaign suspension. However, defendants suffered no due process violation on the case before this court because, for a number of different reasons, that petition to rescind had not been heard until September of 2023. Various reasons included the obvious failures to appear from the defendant, as well as the eventual dismissal of that Champaign County case. Ultimately, the defendant was pulled over and was charged with driving while license suspended at a time where his privileges were in fact suspended. And the timeline is crucial to this court's review. The defendant was charged with the Piatt County DUI on July 25th of 2022. On August 15th, confirmation of the summary suspension associated with that case was filed the circuit court's office, confirming a 12-month suspension to begin September 7th of 2022. The defendant was charged with the driving while license suspended on August 21st of 2022, right before the suspension was to be terminated. On September 1st, the defendant then files his petition to rescind, which was, like I said, ultimately granted. So now the defendant attempts to expand that due process violation in his initial Champaign County case to additional degrees of separation. However, this domino effect argument omits two important points, which is that first, absolutely nothing from those events proves that defendant was denied due process in this case. And that argument also stands on multiple inferences of what could have occurred. Until rescinded, defendant suspensions carries all practical legal effects on subsequent violations of DUI and driving while license suspended charges. The due process inquiries for this case is therefore whether the defendant's license was actually suspended at the time of the offense and whether the defendant was aware at the time that his privileges were suspended. And the record is clear that the confirmation of the statutory summary suspension relating to both DUIs was entered into the circuit clerk's office, and that is reflected in the record, as well as defendant paying his reinstatement fees. Which brings me to my second point. The state had probable cause to charge the defendant with offense of DWS because the effect of then rescinding that summary suspension from Champaign County should have been prospective. The record reflects that the defendant's privileges were suspended at the time of the offense and the proper remedy for the Champaign County case was in fact rescinding, which occurred, and then the effect of that rescission should not have been applied retroactively like it was by the trial court. Long-standing case law supports that the defendant does not obtain a hearing on the petition before the suspension takes place, any subsequent rescission should not be applied retroactively. And that's cited under People v. Foysha, 3rd District, 1997. And furthermore, a pending hearing on a petition does not stay the effect of that suspension. In our brief, we also cite Two People v. Elliott in support of the notion that rescissions of statutory summary suspensions have been treated to have a prospective effect. Here, because the rescission of the defendant's suspension was not triggered until September 20th of 2023, the defendant's license was not valid when he was pulled over. The trial court then applied the rescission of that suspension retroactively against established case law that instructed otherwise. And again, People v. Elliott is most instructive here because in finding that the rescissions of suspensions are given prospective effect, the Supreme Court has noted that the purpose of the statutory suspension is to ensure that drivers charged with DUIs are swiftly removed from the roads and a prospective approach to that best comports with that purpose. A prospective reading with the provisions of the code such as Section 2-118.1, which states in pertinent part that a petition rescind shall not stay the delay, also comports with that reading. We ask this court therefore to apply the principles outlined under Elliott and remand this matter for further proceedings because the state had probable cause to charge the defendant with driving while license suspended. The driver, excuse me, and I would just again reiterate that at the time, because the defendant's license was suspended at the time that he was pulled over, at this point there is probable cause to charge him with that offense. Whether or not the defendant then gets found guilty of that is a completely separate question. Therefore, we ask this court to reverse the lower court's ruling and remand the matter for further proceedings. Well, thank you, counsel. Justice Vaughn, Justice Moore, do you have any questions? No questions. No questions. Again, thank you, counsel. You'll have your time for a rebuttal. Ms. Thompson, go right ahead. Thank you, your honor. My name is Julie Thompson. I'm here from the Office of the State Appellate Defender representing the appellee, Malcolm Comer, in today's direct appeal from the state. The state is appealing the dismissal of a driving while suspended charge in the 2023 Champaign County case. The Illinois Supreme Court tells us that the trial court has the inherent authority to dismiss a charge when the failure to do so will affect the deprivation of due process or result in the miscarriage of justice. The trial court here in dismissing this 2023 case was very specific in finding that three and a half years is too long for us to ensure that Mr. Comer's due process rights with regard to that summary suspension motion that he filed were protected in this particular situation. The trial court did say, I'm limiting this very much to this particular situation. If there were motions filed similarly with less time constraints or other facts, I would not grant those. So, the trial court here actually gave some significant consideration to the fact that it took three and a half years from the date that Mr. Comer filed a petition to rescind summary suspension before that petition was actually heard and granted by the court. Mr. Comer filed that petition originally on March 2nd of 2020. He filed it again on March 6th of 2020 and he filed it yet again on September 1st of 2023. Now, the state wants to tell you two things. They try to tell you that part of the problem here is Mr. Comer's several failures to appear. Mr. Comer failed to actually appear twice over a three and a half year period while that 2020 case was pending. Neither time does the record reflect the record that we have reflect that a warrant was actually served or that he was actually arrested. A warrant was issued for him September 8th of 2020. No record showing that he was arrested. He appeared for court on October 5th. We don't know whether or not that warrant, we assume it was quashed because it just showed the record that we have just shows he appears for a pretrial and nothing more happened. Another warrant was issued for him August the 2nd of 2021. Failure to appear warrant issued on September 1. I'm sorry, on September 10 he appeared and filed a motion to quash that warrant. So, Mr. Comer's failures to appear are not the reason that this case took three and a half years to get resolved. In fact, there are probably about 10 different, and I'm not going to read you the dates because I know you don't want to hear them, but there are about 10 different dates where he actually did appear repeatedly month after month after month for pretrial hearings on this case. What happened here with COVID? And that's the excuse that the state has used to explain away try to explain away this three and a half year delay. The difficulty that they have, and the thing that they have not addressed, and I'm still waiting for them to address, is that when the Champaign County Court entered its COVID orders, summary suspension hearings were exempt. They were specifically exempted from the COVID shutdown. There was no reason for a three and a half year delay in hearing this petition to rescind that was timely filed. It could have been heard immediately. It could have been heard in April of 2020. The rule did not close the courthouse for summary suspension. That's the excuse everyone used, and that's the reason everyone gave for the delay. But the simple reality is the case could have gone forward and been resolved immediately. What the trial court did here was find that that three and a half year delay was an ongoing due process violation, and as a result of that, the court found the only way to resolve this issue was by dismissing the 2023 case. Essentially, what we have is a but for situation, but for the fact that the trial court failed to hear and rescind the summary suspension timely in the 2020 case resulted in the charges being filed against Mr. Comer in 2023. But for that 2020 failure, the 2023 case could not have happened. The trial court found that to be, frankly, simply unfair, and because it was unfair, due process violation, and the court exercised its inherent authority to dismiss those charges. The state raises the Elliott decision and says that, well, Elliott says that all rescissions have to be of effective effect, and in fact, Elliott does say that. What I think the difference is here with Mr. Comer's situation than with Mr. Elliott's is that Mr. Elliott got arrested and charged with driving while suspended, and then subsequently got arrested and charged again, apparently, with driving while suspended. Mr. Elliott did not file his petition to rescind that first suspension until he was arrested and charged on the second summary suspension. He filed a retroactive petition, and it resulted in the court saying, you can't get retroactive relief. That's not what happened with Mr. Comer. Mr. Comer- I don't mean to stop you, counsel. However, I think we had a freeze up. It looked like Justice Moore and Ms. Thompson just kind of froze. So, I did not hear your last statement. So, if you could repeat that. Okay. I was trying to explain to the court what the difference is between Mr. Comer's situation and Mr. Elliott's situation. Mr. Elliott filed his petition to rescind in his original case only after he was charged in the second case. So, he gets picked up on the new case, and then he says, oh, well, if I had fixed this the first time, let me file a petition. So, he filed a petition, and that's what resulted in the court saying, you don't get retroactive relief on a rescission. That's not what happened with Mr. Comer. Mr. Comer was arrested and charged in the 2020 case and immediately filed a petition to rescind. He actually filed it twice in that 2020 case, way before he ever got arrested and charged again in 2023. So, he's not seeking retroactive relief. The effect of this dismissal does appear to give retroactive relief, but that was not the court's intent. The court specifically says, I am addressing a due process violation that has gone on for three and a half years that presented unfairness to Mr. Comer. The state tells you that the review of this matter is de novo, and it is as to the due process violation. But whether or not the trial court erred in granting the relief based on that due process violation is an abuse of discretion review standard by this court. Once it is determined that the defendant suffered a prejudicial violation of his due process rights, the trial court's decision on the appropriate remedy, being it dismissal of the indictment or some other remedy, is reviewed for an abuse of discretion. So, the question is, if the case goes forward, is Mr. Comer facing any prejudice, is he suffering any prejudice as a result of this 2023 case going forward? And the answer is yes, because again, he will face a while suspended charge, meaning a potential mandatory minimum of 10 days county jail or 240 hours of public service work, and again, the potential loss of what is now a valid driver's license. So, we believe that we've met both standards. The trial court here found that there was a due process violation, and that the only way to remedy that due process violation was to dismissal of the 2023 case. We ask this court to affirm the trial court's decision, and under these very strange and very unusual circumstances, allow the dismissal to stand. Thank you. Thank you, counsel. Justice Vaughn or Justice Moore, do you have any questions? No questions. Is there any way we can give deference to anything the trial court did, or is this de novo? It's de novo only as to whether or not a due process violation occurred. If you find that the due process violation did occur, then the remedy is reviewed for an abuse of discretion. So, the dismissal is actually an abuse of discretion standard reviewed by the appellate court. Is that your question? Yes. Thank you. Thank you. Thank you, counsel. Mr. Hizzo, go right ahead with your rebuttal. Thank you, Your Honor. And just briefly on rebuttal, the defendant's argument focuses entirely on the procedural due process issues and the delay in the proceedings on the Champaign County case. However, as we previously have stated, the state did not object to that rescission of the suspension when he had his hearing. We're not arguing whether or not there was a due process violation because of the delay. Not only does the record reflect that the state did not object to defendant's request, but the record also fails to explicitly detail why defendant's petition was not heard. Outside of the trial court's comments suggesting that COVID operations did play a role, and again, that's found on the record on page 13, the state is also not contending whether or not the trial court had or did not have the inherent authority to rescind the suspension. However, the state maintains that the trial court did not have the inherent authority to dismiss the DWS because there was no due process violation in this case when the defendant was charged. Further, in their brief, defendant does cite people versus Newberry in support of their position that the trial court had the inherent authority to dismiss the matter when failure to do so would result in deprivation of due process or result in a miscarriage of justice. However, it is important to note that the Supreme Court in Newberry recognized the application of Supreme Court Rule 415 G.I., which provides the legal authority for the relief sought there by the defendant when the state failed to preserve essential evidence prudent to the charges of unlawful possession of a controlled substance. Here, there is actually no legal authority providing for the remedy that the defendant has received, such as there was in Newberry. Instead, we have historical case law supporting defendant's rescission of the summary suspension should have been applied or should have taken a prospective effect on September of 2023 moving forward. Therefore, we ask this court to reverse the trial court's order dismissing the charge and remand this matter for further proceedings. Well, thank you, Mr. Hizzo. Before we let you all go, Justice Moore, Justice Vaughn, any final questions? No other questions. There are a number of cases where the state missed the deadline in holding the rescission hearing. Are there any cases, though, that say when you missed the deadline, it's retroactive to the filing of the petition or retroactive to anything? Are there any cases where the rescission of the statutory summary suspension is retroactive or is it all prospective from the date the court enters an order? You missed the deadline, therefore, I'm granting the petition. It's all prospective? Yes, Your Honor. My cursory review of the case law supports a prospective-only approach to the proceedings. Thank you, Your Honor. Well, counsel, obviously, we will take the matter under advisement. We will issue an order in due course.